**UNITED STATES of America, Appellee,**

v.

**J. Kenneth EDLIN, Appellant.**

**No. 11061.**

United States Court of Appeals Fourth Circuit.

Argued Dec. 5, 1966.

Decided Dec. 9, 1966.

Edward L. Genn, Washington, D. C. (Eugene Gressman, Washington, D. C., on motion), for appellant.

Arthur G. Murphy, First Asst. U. S. Atty., for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and J. SPENCER BELL, Circuit Judges.

## PER CURIAM.

Edlin appeals from the denial of a motion to reduce or modify a sentence of imprisonment, or to stay its execution, pending the outcome of a new trial of a codefendant. We affirm.

In United States v. Johnson, 4 Cir., 337 F.2d 180, we affirmed Edlin's conviction, though we reversed the conviction of a codefendant, Johnson, because of the use in evidence against Johnson of a speech he had made as a member of Congress on the floor of the House. As to Johnson, the case was remanded for a new trial, and this disposition of Johnson's case was affirmed by the Supreme Court. United States v. Johnson, 383 U.S. 169, 86 S.Ct. 749, 15 L.Ed.2d 681. Subsequently, Edlin sought a writ of certiorari in the Supreme Court, but his petition was denied on October 10, 1966.

Edlin sought relief from the sentence of imprisonment in the District Court on the theory that the Government's decision to retry or not to retry Johnson, and the outcome of Johnson's retrial, if he is retried, may bear upon the appropriateness of Edlin's sentence, since Edlin was convicted as an aider and abettor of Johnson in the commission of the primary offense. Johnson's guilt, however, was abundantly proved at the initial trial and, if invocation of his congressional privilege makes it possible that he will not be retried, or, if retried, that he may be acquitted in the absence of incriminating evidence inadmissible against Johnson but fully admissible against Edlin, it has but slight, if any, relevance to the propriety of Edlin's sentence.

We do not review sentences, of course, and we think it well within the discretion of the District Judge to deny the application for modification of Edlin's sentence, or for postponement of its execution, under the circumstances of this case. Disposition of the motion, before Edlin is in a position to show what the ultimate outcome of Johnson's retrial may be, was not a denial of his essential right to be fairly and fully heard, for surely the District Court in denying the motion took into account the fact that it is possible that Johnson may not be retried [1] and, if retried, that he may be acquitted.

Denial of the motion for reduction, modification or postponement of service of the present sentence is affirmed.

Affirmed.

---

1. On the day of the oral argument in this case, the United States Attorney for the District of Maryland announced that Johnson would be retried.